Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

GONZALO ALANIZ, Jr.,

    *Defendant*.
_____/

Case No: 11-20165

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

### Part I - Findings of Fact

**A.**     **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>     (1)     The government moved for detention at Defendant's first appearance pursuant to:

        <u>XX</u>     18 U.S.C. § 3142(f)(1).

        <u>  </u>     18 U.S.C. § 3142(f)(2).

<u>  </u>     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.**     **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u>  </u>     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u>  </u>     (2)     The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

    ___ the date of conviction, **or**

    ___ Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.  Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    ___ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.  Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___ (1) There is a serious risk that Defendant will not appear.

___ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

___   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention have been cited, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that Count Two of the Indictment alleges the discharge of a firearm in an occupied dwelling in the presence of children and a social worker. I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is a Native American and receives biweekly per capita income from the Saginaw Chippewa Tribe. Defendant was born in Texas, married in 1994, and divorced in 2005. Four children were born of that marriage. The substantial majority of Defendant's of siblings reside in Mount Pleasant, Michigan. Defendant last worked in 1997 or 1998 at various construction jobs. Defendant reported to Pretrial Services that he

drinks 2 or more fifths of whiskey daily, and has done so for at least the last month. Defendant also reported the use of marijuana shortly before his arrest and a preliminary urinalysis specimen field-tested positive for marijuana. Defendant also reported, and defense counsel confirms, that he has received treatment for mental-health issues and has been prescribed medication, which it appears he has refused to take for some period of time.

In 1985, Defendant was convicted in this Court of assault with a dangerous weapon on the Isabella Indian Reservation and was sentenced to three years' custody. I note that Judge Churchill determined that Defendant was not a candidate for voluntary surrender and he ordered immediate incarceration.

In 1997, at age 29, Defendant pled guilty to disorderly person and was sentenced to six months' probation. In 2000, Defendant was convicted of driving while license suspended and was sentenced to three days in jail.

In 2002, Defendant was convicted of misdemeanor operating a vehicle while impaired and driving while license suspended, second offense. He was a sentenced to 93 days concurrent incarceration on these charges along with fines, costs and probation. I note that the Pretrial Services report indicates that Defendant failed to appear for his sentencing, a bench warrant was issued, and his bond was forfeited. He was ultimately sentenced and, once on probation, a notice of noncompliance was issued because Defendant had failed to timely complete community service. He ultimately completed his community service, however, the following year a bench warrant was issued for failure to undertake outpatient treatment. Defendant failed to appear for a hearing on that allegation and a bench warrant was issued. Defendant ultimately did complete the required treatment.

Counsel for Defendant suggests that there are conditions which could be crafted that would reasonably assure the safety of the community. Counsel suggests conditions requiring regular preliminary breath tests, the taking of his medications, confiscation of any weapons, and

substance abuse treatment. While many of these conditions are in fact contemplated by the Bail Reform Act, I conclude that in light of the allegations surrounding Count 2 of the Indictment, along with Defendant's history of assaultive behavior, Defendant, if released, would pose an extreme danger to the community as well as to himself and those who would seek to care for him and administer a bond. I am therefore unable to craft any conditions or combination of conditions which would reasonably assure the safety of the community or Defendant's own safety. Accordingly, I conclude that the government's motion to detain must be **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: March 31, 2011           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Judith S. Gracey, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: March 31, 2011        By   s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder